## JAMES A. BRENT *v.* JOHN A. HEARD.

1. EVIDENCE: AFFIDAVIT FOR CONTINUANCE: EFFECT OF ADMISSION OF AS EVIDENCE. —Where, either in civil or criminal causes, the adverse party admits as evidence the affidavit of the other, offered for the purpose of obtaining a continuance, and containing a statement of the testimony of absent witnesses, the party admitting the affidavit may contradict it.   Rev. Code, 622, article 302.

2. EVIDENCE: AFFIDAVIT FOR CONTINUANCE: EFFECT OF ADMITTING THE FACTS STATED THEREIN.—Where an affidavit contains a statement of the testimony of absent witnesses, and is offered for the purpose of continuing a cause, and the adverse party *admits the facts* contained in the affidavit, this admission precludes him from contradicting it.

3. SAME: CASE IN JUDGMENT.—B., in an affidavit offered for the purpose of continuing a cause, set forth the testimony of certain absent witnesses.   H., the adverse party, admitted the facts contained in the affidavit.   On the trial it was held, that the admission of the affidavit by H. was of such a character as precluded him from contradicting it.

ERROR to the Circuit Court of Hinds county.   Hon. John Watts, judge.

*J. W. Robb,* for plaintiff in error. ·

The only question presented by the second assignment of error, is, did the court below err in permitting the plaintiff below to contradict by his evidence matters stated by the defendant in his affidavit for a continuance?

The defendant below was forced into trial upon the admission of the facts stated in the affidavit.   The effect of that admission was that the matters stated were absolutely true, and not that the witness, if present, would téstify that they were true.   This was so decided by this court in the case of *McDaniel* v. *State,* 8 S. & M.   Prior to the revised code of 1857, this was the rule, and the uniform practice of the courts, both in civil and criminal causes, and the new code has changed it only in reference to criminal causes.   Revised Code, page 622.   The testimony of young Brent, set out in the affidavit which was contradicted by the testimony of the plaintiff below, was material and important, as being the only evidence in the case apart from the loose expressions used at the making of the contract, tending in

the court to show how Heard himself at the time understood and afterwards construed the contract.

*Johnston* and *Shelton* for defendant in error.

It is insisted in the second assignment that the court erred in permitting the plaintiff below to contradict by his own testimony the statements contained in the written application, which was considered as an affidavit for a continuance.

Under this assignment two questions appear to present themselves : Firstly, what effect should have been given to said affidavit, whether that its statements were to be taken as *true*, or only that the witness, young Brent, if present, would have so sworn ; and, secondly, what weight is the testimony of a party entitled to when opposed by that of an ordinary witness.

The first question is urged to have been definitely settled in the case of *McDaniel* v. *State*, 8 S. & M., page 401, and that it was there decided that when an application is made for a continuance, and the party forced into a trial on the admission of his application, that all its statements should be taken for *true*, and were not liable to be contradicted. We say that this question was not only decided in that case, but was expressly waived by Judge Clayton. See page 415, in the opinion of the court.

We have found no adjudication of this court on the point before us, and suppose it must now be decided on the general principles of law applicable thereto. We are not informed how the law stood on this point previous to the enactment of article 302, page 622, of Code of 1857; but numbers of circuit judges have held the adverse party to admit, only, that the absent witness, if present, would so have sworn, which is manifestly the correct decision. In criminal causes the application for a continuance would have been liable to contradiction by all the modes known to the law ; then is it reasonable that greater weight should be given to the affidavit in civil causes ? We think not. The most plausible construction of the legislation on this point is, that the intention was to assimilate the law in criminal to what it had always been in civil causes.

It is said that the testimony of the plaintiff in the court below

was not entitled to any weight against the statements contained in the application for a continuance. Is this so? Certainly not, according to the language of the law. (See article 190, page 510, of new Code.) This law furnishes the only rule for the guidance of courts and juries in considering the testimony of parties. It can neither be added to or detracted from; and this is the precise view taken by this court in the case of *Allen & Co.* v. *Lyles*, 6 George, page 517.

HANDY, C. J., delivered the opinion of the court.

The plaintiff below sued the defendant on a promissory note for $165, payable to the plaintiff, and made by the defendant; to which action the defendant pleaded: 1, *non assumpsit;* and, 2, that the consideration of the note was the purchase of a mule by the defendant from the plaintiff, delivered to the defendant; and that it was agreed between the parties at the time of the sale and of the execution of the note, that if the defendant during the ensuing winter should purchase a certain steam-mill in the same county the plaintiff would take back the mule, and give up the note; and averring that, about the 1st of February thereafter, the defendant purchased the saw-mill, and shortly thereafter, and within a reasonable time, that he informed the plaintiff of said purchase, and desired him to take back said mule and give up the note, which plaintiff, upon said demand, agreed to do, but which he failed to do at that time; and subsequently, about the 1st October, 1858, he again agreed to take back the mule, but has wholly failed and refused to do so ; further averring that he has always, since the purchase of said saw-mill, been ready to give up said mule. The plaintiff replied, admitting that it was agreed that, if the defendant should purchase the saw-mill as alleged, then the mule should be delivered up to the plaintiff; and that defendant informed the plaintiff of his purchase of the saw-mill, but denies that defendant ever tendered or produced the mule for delivery; and alleges that defendant received the mule at the time of sale, and has used and worked him ever since, and now has him. The defendant rejoined, denying that he was bound to tender to the plaintiff

the mule, and averring that the contract was that the plaintiff was to take back the mule, upon the happening of the contingency mentioned in the plea.

The verdict being for the plaintiff, the defendant moved for a new trial on various grounds. The motion was overruled, and the defendant thereupon took his bill of exceptions and brings the case here.

The first error insisted on is, that the court allowed the plaintiff to give evidence contradictory to the facts stated in the affidavit in behalf of the defendant, offered for a continuance of the cause; on which affidavit, the plaintiff admitted the facts contained therein, and thereupon the trial was proceeded with, and the affidavit was read in evidence to the jury.

This question is argued by counsel as if the plaintiff had merely admitted the affidavit as evidence, or that the affidavit should be received as, or instead of, the testimony of the absent witness, or the like. If that had been the character of the admission, we are of opinion that it would have been competent to introduce testimony to contradict it. This court has never sanctioned the rule that, in civil cases, the admission of such a statement, under such circumstances, precludes the party admitting it from confronting its statements by evidence; nor do we think that such a rule would be sound. It has been held that it was not competent to do so in criminal cases (*Dominges* v. *The State*, 7 S. & M. 475); and this rule, even in criminal cases, has since been altered by statute, so that the affidavit shall only have such effect as if made by the witness before the jury. (Rev. Code, 622, article 302.) As no similar provision is made by statute with reference to civil cases, it would appear that the legislature intended only to change the rule as held by this court; and as no such rule had been held in regard to civil cases, that it was not necessary to prescribe any rule or make any provision as to such cases.

This legislative rule appears to recognize a principle which we think should be applied as well to civil as to criminal cases; and that is, when the statement is simply admitted as evidence by the adverse party, that it shall have no more effect than if

the same testimony had been given by the witness in person before the jury.

But the admission in this case went further than this. The *plaintiff admitted the facts contained in said written statement,* and upon that admission the defendant went to trial, and these facts were material to the issue. This was not merely an admission that the absent witness would have testified as stated in the paper if he had been in court, or that the statements of the paper should be read in evidence. It was an admission in open court, for the purposes of the trial then pending, that *the facts* as stated in the paper *were true ;* and this clearly precluded the plaintiff from introducing testimony to show that the statements of the paper were not true. Yet such testimony was introduced, and the jury found according to it.

Upon the introduction of testimony by the plaintiff to contradict these statements, the defendant objected, but the court overruled the objection and allowed the plaintiff to introduce such testimony. This was not allowable under the broad admission of the plaintiff, and the court erred in admitting it.

Several errors are assigned in relation to the instructions given by the court. These instructions have direct reference to the evidence on the part of the plaintiff, contradictory to the admission of the plaintiff; and as that testimony was improperly admitted, it is not necessary to consider the instructions which are founded on it.

The judgment must be reversed, and the cause remanded for a new trial.